### VALIDITY OF CONTRACT FOR CARE OF IMBECILE.

Circuit Court of Cuyahoga County.

MARY KYSER v. GEORGE BENNER, EXECUTOR OF JOHN R. BENNER.*

Decided, October 8, 1908.

*Implied Authority of Wife of Imbecile to Enter Into Express Contract for His Benefit.*

The wife of an imbecile has implied authority to enter into an express contract to engage the services of an adult member of the family in the care of him and his household.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The sole error alleged here is in sustaining the demurrer to the second amended petition below. Mary Kyser, stepdaugh-

---

*Affirmed without opinion, *Benner, Excr.,* v. *Kyser,* 83 Ohio State, 510.

ter of the decedent, John R. Benner, then an imbecile under guardianship, was induced by her mother, the wife of said Benner, to leave other lucrative employment which she had, outside the family house, and to engage in the service of said Benner, helping to take care of him and of the household, in consideration of the express promise made in his behalf by his wife that she should be paid the reasonable worth of her services. Benner did not, and by reason of mental incapacity could not expressly authorize his wife to make this agreement; but the services were necessaries which the wife had authority implied in law to obtain upon his credit in case of his failure, by himself or guardian so to do. Such was the case here; and the action below was brought to recover the reasonable value, according to agreement, of the services so rendered.

It was, however, successfully urged in the court below that under the authority of *Hinkle* v. *Sage,* 67 O. S., 256, no recovery can be had for services rendered in the home by a member of the family except under an express contract, and that in the nature of things Benner could not and did not enter into any express contract, nor during his incapacity could he confer authority upon an agent so to do.

While this is true, it is also true that the wife's authority in the premises arose not from any express authority conferred by her husband, but from the authority implied by law from the relation of the parties as husband and wife, the compelling exigencies of family life, and the duty of the husband to provide. The reason for the rule, instead of failing, becomes all the more urgent when the husband is under disability.

Nor is the wife's authority, as thus derived, limited to the making of implied contracts to charge her husband with the reasonable value of necessaries supplied to her, or to the family, at her request. There is no reason why, in the exercise of her implied authority, she should not expressly pledge her husband's credit for the necessaries which she so procures, if the law on other distinct grounds, as here, requires that the agreement for any such necessary be express in order to be binding. There is no repugnancy in the express exercise of the implied authority to contract. In our opinion the petition states

a cause of action, and the demurrer should have been over-ruled. For error in sustaining the same the judgment below is reversed, the demurrer overruled and the cause remanded.